# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL DONOVAN MURPHY, | Case No.  1:23-cv-00740-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| FLORES, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER |
| Defendant. | |
| | (ECF No. 6) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Monrell Donovan Murphy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 7, 2023, the Court screened the complaint and granted Plaintiff leave to file an amended complaint or notify the Court of his willingness to proceed on the cognizable claims identified within thirty days.  (ECF No. 6.)  The order was served on Plaintiff at his current address of record.  On July 19, 2023, the Court's order was returned as "Undeliverable, Not Deliverable as Addressed."

The deadline for Plaintiff to respond to the Court's order has now expired, and Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

## II. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

**B.     Discussion**

Here, Plaintiff's address change was due no later than September 20, 2023, and Plaintiff's response to the Court's July 7, 2023 order is also overdue.  Plaintiff has failed to comply with the Court's order or otherwise communicate with the Court.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's July 7, 2023 order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation of dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.  (ECF No. 6, p. 7.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is likely to proceed *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case and updating his address. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his

1  failure to apprise the Court of his current address. *In re PPA*, 460 F.3d at 1228–29; *Carey*, 856
2  F.2d at 1441.

3  **III.    Order and Recommendation**

4       Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
5  district judge to this action.

6       Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY
7  RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court
8  order and for Plaintiff's failure to prosecute this action. Fed. R. Civ. P. 41(b); Local Rule 183(b).

9       These Findings and Recommendation will be submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**
11 **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written
12 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendation." Plaintiff is advised that failure to file objections within the
14 specified time may result in the waiver of the "right to challenge the magistrate's factual
15 findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*
16 *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

17
18 IT IS SO ORDERED.

19    Dated:  **October 10, 2023**          /s/ *Barbara A. McAuliffe*          _
20                                          UNITED STATES MAGISTRATE JUDGE