# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL DONOVAN MURPHY,<br><br>           Plaintiff,<br><br>     v.<br><br>FLORES,<br><br>           Defendant. | Case No. 1:23-cv-00740-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF Nos. 1, 6, 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Monrell Donovan Murphy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 7, 2023, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims against Defendant D. Flores for excessive force in violation of the Eighth Amendment and for retaliation in violation of the First Amendment, but failed to state any other cognizable claims for relief. (ECF No. 6.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*) Following re-service of the screening order, on October 30, 2023, Plaintiff filed a notice to proceed on the cognizable claims identified by the Court. (ECF No. 11.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.     Allegations in Complaint**

Plaintiff is currently housed California Correctional Institution at Tehachapi, California where the events in the complaint are alleged to have occurred. Plaintiff names D. Flores, Correctional Officer, as the sole defendant.

In claim 1, Plaintiff alleges that on February 3, 2023 on A-Facility in the visiting room, Plaintiff was approached by Defendant D. Flores in an aggressive manner who said that he was terminating Plaintiff's visit with Plaintiff's approved visitor. Defendant escorted Plaintiff to the strip out area of the visiting room. Plaintiff asked why his visit was terminated. Defendant asked, "Jones is your celly right, just last week I had to body slam his black ass." Plaintiff said that had nothing to do with Plaintiff. Defendant responded, "you niggers are always trying to get over." Plaintiff again said that that had nothing to do with Plaintiff. Plaintiff said that he was going to file an appeal on Defendant for harassment and racial discrimination.

2

Without warning or provocation, Defendant unholstered his can of OC pepper spray and point blank range sprayed Plaintiff directly in the face and head area while stating, "I'll give you monky [sic] ass something to write up." Plaintiff immediately assumed the prone position while Defendant continued to spray Plaintiff until his canister ran dry. Defendant then forcefully struck Plaintiff in the back of his head with the empty can while stomping on Plaintiff's hand.

Plaintiff suffered pain from extreme chemical burning to his face and upper body for five days and contusion to the back of his head and a laceration to Plaintiff's left thumb. Plaintiff also suffered emotional distress.

In claim 2, Plaintiff alleged retaliation. Plaintiff incorporates by reference the facts and injuries alleged in claim 1.

As remedies, Plaintiff seeks compensatory and punitive damages.

**B.     Discussion**

           **1.     Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not

significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff states a cognizable claim against Defendant D. Flores for the force used against Plaintiff.

### 2.     **Equal Protection**

The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that " 'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oreg. Dep't of Agr.,* 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

To the extent Plaintiff is seeking to allege an equal protection claim for "racist" conduct, Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege factual support that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Plaintiff has not provided any factual support for this claim. *Fletcher v. Clendenin*, No. 1:22-CV-00249 AWI BAM, 2022 WL 2791480, at *5 (E.D. Cal. July 15, 2022) (Equal Protection claim dismissed for failure to allege factual support for denial of treatment based on membership in a protected class).

///

4

### 3. Verbal Harassment

To the extent Plaintiff claims a violation of rights due to D. Flores's statements, Plaintiff fails to state a cognizable claim for threats. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

### 4. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Liberally construing the allegations, Plaintiff states a cognizable claim for retaliation for using force against Plaintiff when he said he would file a grievance to silence Plaintiff.

### III.     Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states cognizable claims against Defendant D. Flores for excessive force in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims.

Accordingly, is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed May 12, 2023, (ECF No. 1), against Defendant D. Flores for excessive force in violation of the Eighth Amendment and for retaliation in violation of the First Amendment; and
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 31, 2023**          /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE