# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL DONOVAN MURPHY,<br><br>    Plaintiff,<br><br>  v.<br><br>FLORES,<br><br>    Defendant. | Case No.  1:23-cv-00740-NODJ-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(ECF No. 20)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Monrell Donovan Murphy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on May 12, 2023. (ECF No. 1.)  Plaintiff's motion to proceed IFP was granted the same date.  (ECF Nos. 2, 5.)  This action proceeds against Defendant D. Flores for excessive force in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.  (ECF Nos. 12, 15.)

On February 14, 2024, Defendant filed a motion under 28 U.S.C. § 1915(e)(2)(A) to revoke Plaintiff's IFP status, together with a request for judicial notice.  (ECF No. 20.)  Plaintiff filed an opposition on February 26, 2024, (ECF No. 21), and Defendant filed a reply on March 1, 2024, (ECF No. 22).  The motion is deemed submitted.  Local Rule 230(l).

///

1    Based on the following, the Court grants Defendant's request for judicial notice, (ECF No.

2    20-2), and recommends that Defendant's motion to revoke Plaintiff's IFP status be granted.

3    **II.      Legal Standard**

4    28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . .

5    under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained

6    in any facility, brought an action or appeal in a court of the United States that was dismissed on

7    the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

8    granted, unless the prisoner is under imminent danger of serious physical injury."

9    **III.     Discussion**

10   Defendant contends that because three of Plaintiff's prior lawsuits were dismissed for

11   failure to state a claim upon which relief may be granted and/or for frivolity, Plaintiff is not

12   entitled to the privilege of proceeding IFP in this action.  Defendant requests that the Court take

13   judicial notice of the following actions: (1) *Murphy v. Caden*, Case No. 5:03-cv-01366 (N.D. Cal.

14   filed March 31, 2003) ("*Caden*"); (2) *Murphy v. Diaz*, Case No. 2:19-cv-01422 (E.D. Cal. filed

15   July 25, 2019) ("*Diaz 1*"); and (3) *Murphy v. Diaz*, Case No. 2:19-cv-05034 (C.D. Cal. filed June

16   10, 2021) ("*Diaz 2*").  Furthermore, the complaint does not allege that Plaintiff was or is in

17   imminent danger of serious physical injury, and no other exceptions to the IFP requirements

18   apply.  Defendant therefore requests that the Court revoke Plaintiff's IFP status and dismiss this

19   case without prejudice until Plaintiff re-files it with prepayment of the full filing fee.

20   In opposition, Plaintiff contends that *Diaz 2* does not qualify as a strike.  The question of

21   whether *Diaz 2* qualified as a strike was previously litigated in the unrelated case of *Murphy v.*

22   *Pierce*, Case No. 2:21-cv-1789 (E.D. Cal.) ("*Pierce*"), which found against the defense.  Plaintiff

23   further argues that *Diaz 2* does not qualify as a strike because it was decided on evidentiary

24   grounds rather than general principles of claim preclusion.

25   Defendant argues in reply that *Diaz 2* did not qualify as a strike in *Pierce* because it was

26   not dismissed prior to the filing of *Pierce*, but *Diaz 2* qualifies as a strike with respect to this

27   action because it was dismissed prior to the filing of the instant action.  Furthermore, *Diaz 2*

28   qualifies as a strike because the dismissal "rang the PLRA bells" of frivolousness and failure to

                                                 2

1  state a claim, even though the dismissal was based on a motion for judgment on the pleadings.

2          1.      Plaintiff Has Acquired Three Strikes

3              a.      *Murphy v. Caden*, Case No. 5:03-cv-01366 (N.D. Cal.) ("*Caden*")

4          In *Caden*, the court screened and dismissed the complaint, with leave to amend, finding

5  that "Plaintiff's complaint does not set forth a cognizable claim under 42 U.S.C. § 1983.  (ECF

6  No. 20-2, p. 58.)  Plaintiff was granted an extension of time to file his amended complaint.  (*Id.* at

7  67–68.)  On July 21, 2005, following Plaintiff's failure to file an amended complaint, the case

8  was dismissed, without prejudice, "for Plaintiff's failure to set forth a cognizable claim and

9  failure to prosecute this matter pursuant to Fed. R. Civ. P. 41(b)."  (*Id.* at 72.)

10          When a district court dismisses a complaint on the ground that it fails to state a claim, the

11  court grants leave to amend, and the plaintiff then fails to file an amended complaint, the

12  dismissal counts as a strike under § 1915(g).  *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir.

13  2017).  Plaintiff does not contest that this case counts as a strike.  Accordingly, the *Caden*

14  dismissal qualifies as a strike.

15              b.      *Murphy v. Diaz*, Case No. 2:19-cv-01422 (E.D. Cal.) ("*Diaz 1*")

16          In *Diaz 1*, the Magistrate Judge screened the complaint, found that it failed to state a claim

17  upon which relief may be granted, and recommended that it be dismissed without leave to amend.

18  (ECF No. 20-2, pp. 97–103.)  On June 10, 2021, the District Judge adopted the findings and

19  recommendations in full and dismissed the complaint without leave to amend for failure to state a

20  claim.  (*Id.* at 105–06.)

21          A dismissal counts as a strike if the court holds that the action "fails to state a claim upon

22  which relief may be granted."  *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th

23  Cir. 2011) (citing 28 U.S.C. § 1915(g)).  Plaintiff does not contest that this case counts as a strike.

24  Accordingly, the *Diaz 1* dismissal qualifies as a strike.

25              c.      *Murphy v. Diaz*, Case No. 2:19-cv-05034 (C.D. Cal.) ("*Diaz 2*")

26          In *Diaz 2*, the Magistrate Judge recommended that Plaintiff's second amended complaint

27  be dismissed with prejudice based on the preclusive effect of a prior settlement agreement, in

28  which Plaintiff released all claims arising from the same alleged facts as those in his previously

3

1   filed action, *Murphy v. Kern*, Case No. 2:18-cv-10150 (E.D. Cal.) ("*Kern*").  (ECF No. 20-2, pp.

2   254–61.)  On September 16, 2022, the District Judge accepted the report and recommendation

3   and granted the defendants' motion for judgment on the pleading.  (*Id.* at 263–65.)

4          First, Plaintiff's argument that the *Pierce* court's determination that *Diaz 2* could not

5   count as a strike is unpersuasive.  Plaintiff filed the *Pierce* action on September 28, 2021, and the

6   *Pierce* court found that *Diaz 2* could not count as a strike because it was not dismissed until

7   September 16, 2022—after *Pierce* was filed.  (*Id.* at 330.)  However, the instant action was

8   initiated on May 12, 2023, after *Diaz 2* was dismissed on September 16, 2022.  Accordingly, *Diaz*

9   *2* could qualify as a strike for the purposes of this case, even if it did not qualify as a strike for the

10   *Pierce* action.

11          The fact that *Diaz 2* was decided on a motion for judgment on the pleadings pursuant to

12   Federal Rule of Civil Procedure 12(c) is also not dispositive.  "The procedural mechanism or

13   Rule by which the dismissal is accomplished, while informative, is not dispositive."  *Knapp v.*

14   *Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  Rather, "[t]he central question is whether the

15   dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"  *El-Shaddai v.*

16   *Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th

17   Cir. 2013)).

18          Despite Plaintiff's argument to the contrary, *Diaz 2* found that "the Settlement Agreement

19   carries preclusive effect and requires dismissal of this case."  (ECF No. 20-2, p. 259.)  Such a

20   dismissal, based on the merits and factual basis of the suit, constitutes a strike for failure to state a

21   claim.  *See, e.g.*, *Gradford v. Webster*, Case No. 1:22-CV-01493-JLT-HBK-PC, 2023 WL

22   2976236, at *3 (E.D. Cal. Apr. 17, 2023).  Furthermore, the Court finds that the *Diaz 2* dismissal

23   is akin to a dismissal of an action as barred by *res judicata*, which qualifies as a dismissal as

24   frivolous or malicious if the action was filed by a plaintiff proceeding IFP.  *Cato v. United States*,

25   70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  As Plaintiff proceeded IFP in *Diaz 2*, (ECF No. 20-2, p.

26   112), that dismissal qualifies as a strike.

27   ///

28   ///

4

1          2.      Plaintiff is Not in Imminent Danger of Serious Physical Injury

2          The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy

3   the imminent danger exception to section 1915(g).[1] *Andrews v. Cervantes*, 493 F.3d 1047,

4   1053−55 (9th Cir. 2007).  Plaintiff alleges that after he told Defendant he was going to file an

5   appeal on Defendant for harassment and racial discrimination, Defendant point blank range

6   sprayed Plaintiff directly in the face and head area with his can of OC pepper spray until his

7   canister ran dry.  (ECF No. 1, p. 3.)  Defendant then forcefully struck Plaintiff in the back of his

8   head with the empty can while stomping on Plaintiff's hand.  Plaintiff alleges that he suffered

9   pain in the form of extreme chemical burning sensations to his face and upper body for

10  approximately five days, a contusion to the back of the head, and a laceration to his left thumb, as

11  well as emotional pain and suffering.  (*Id.*)  Plaintiff does not allege in the complaint or in his

12  opposition to Defendant's motion to revoke Plaintiff's IFP status that he was in any imminent

13  danger of serious physical injury at the time the complaint was filed.

14         3.      Payment of Filing Fee

15         Although Defendant requests dismissal of this action without prejudice to re-filing the

16  complaint upon payment of the filing fee, the Court finds it appropriate to grant Plaintiff an

17  opportunity to pay the remainder of the $403.00 filing fee before the action is dismissed.[2]

18         A review of the Court's records as of March 4, 2023 reveals that Plaintiff has already paid

19  $40.04 towards the filing fee for this action.[3]  Plaintiff must therefore pay the remaining $364.96

20  if he wishes to litigate this action.  If Plaintiff does not pay the remainder of the filing fee, this

21  action should be dismissed and any payments made towards the filing fee should be returned to

22  Plaintiff.  *Meyers v. Birdson*, 83 F.4th 1157, 1161 (9th Cir. 2023).

23  ///

24  ///

---

[1] The Court expresses no opinion on the merits of Plaintiff's claims.

[2] Effective December 1, 2023, the filing fee for civil cases in the Eastern District of California was increased to $405.00 ($350.00 Filing Fee plus $55.00 Administrative Fee).  However, at the time this action was filed, the filing fee was $403.00 ($350.00 Filing Fee plus $53.00 Administrative Fee).

[3] A payment of $20.01 was made on November 7, 2023, and a payment of $20.03 was made on January 22, 2024.

5

**IV.    Conclusion and Recommendations**

Based on the foregoing, Plaintiff has acquired three strikes under 28 U.S.C. § 1915(g) and has not alleged any imminent danger of serious physical injury at the time of filing.

Accordingly, it is HEREBY ORDERED that the Clerk of the Court shall serve Plaintiff a copy of the Transaction Information for this action with this order.

Furthermore, it is HEREBY RECOMMENDED that:

1.  Defendant's motion under 28 U.S.C. § 1915(e)(2)(A) to revoke Plaintiff's *in forma pauperis* status be granted;

2.  Plaintiff's *in forma pauperis* status be revoked; and

3.  Plaintiff be ORDERED to pay the remainder of the $403.00 initial filing fee in full to proceed with this action.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 5, 2024**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE